*NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
MARJO URSULA GILBERTSON &    :
STEVE GILBERTSON, her husband,  :
                                               :
              Plaintiffs,               :
                                               :                    Case No. 12-5124(FLW)(DEA)
                                               :
        v.                                    :
                                               :
HILTON WOLRDWIDE, INC., <u>et al.</u>, :            **OPINION**
                                               :
              Defendants.            :
_____:

<u>**WOLFSON, United States District Judge**</u>:

This matter arises out of Defendant Hilton Worldwide, Inc.'s ("Defendant" or "Hilton Worldwide")[1] motion to dismiss an Amended Complaint filed by Plaintiffs Marjo Ursula Gilbertson and Steve Gilbertson, her husband ("Plaintiffs" or the "Gilbertsons"). Plaintiffs initially filed their action in state court alleging common law claims of negligence in connection with injuries allegedly sustained by Plaintiffs at a hotel in Costa Rica. Defendant subsequently removed the action to this Court and filed the instant motion to dismiss. In its motion, Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6), and under the doctrine of <u>forum non conveniens</u>. For the following reasons, the Court denies Defendant's motion to dismiss.

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs' Amended Complaint,[2] which the Court accepts as true for the purposes of this motion to dismiss, contains only the following factual allegations: Plaintiffs, who are New Jersey

_____
[1]      The Amended Complaint also names Defendant Hilton Worldwide, Inc., d/b/a Hilton Papagayo Costa Rica Resort & Spa. As discussed <u>infra</u> in this Opinion, Hilton Worldwide is the only real defendant in this case.
[2]      The Court also refers to the procedural history set forth in Defendant's notice of removal where relevant.

1

residents, were guests at a hotel in Costa Rica on September 25, 2010 – the "Hilton Papagayo Costa Rica Resort & Spa" (the "Hotel") – when Plaintiff Marjo Gilbertson fell due to the alleged negligence of Defendant and sustained physical injuries that required medical treatment. Amend. Compl. (Dkt. No. 1, Ex. B), ¶ 1.  Based on these alleged facts, Plaintiffs, in their Amended Complaint, bring state common law claims of negligence and premises liability, as well as a claim for loss of consortium.  Id. at Count 1 ¶¶ 5-6, Count 2 ¶¶ 4-5, Count 3 ¶ 3.  The Amended Complaint, first filed in the Superior Court of New Jersey, Monmouth County, names Hilton Worldwide, Inc., as well as "Hilton Worldwide, Inc., d/b/a Hilton Papagayo Costa Rica Resort & Spa" and "Hilton Hotel," as defendants, in addition to fictitious defendants.  Id.  During the state court proceedings, Hilton Hotel was dismissed from the action for Plaintiffs' failure to prosecute, and default judgment was entered against Hilton Worldwide, Inc., and Hilton Worldwide, Inc., d/b/a Hilton Papagayo Costa Rica Resort & Spa.  Notice of Removal, ¶¶ 6-7. The parties entered into a consent order to vacate the default judgment, which was granted. Defendant then removed the matter to this Court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship.  See 28 U.S.C. § 1332.  Defendant, in its notice of removal, identifies itself as a Delaware corporation, with its principal place of business in Virginia, and Plaintiffs, by their own admission, as citizens of New Jersey.  Notice of Removal, ¶¶ 12-13.[3]  Defendant also contends that, while not specified, Plaintiffs' claims likely will exceed the $75,000 amount in controversy requirement of § 1332.  Notice of Removal, ¶ 15.

Following removal, Defendant filed the instant motion to dismiss because it claims that Defendant is not a proper party to this action, and, in any event, the action should be heard in

---

[3]     Defendant also states that Hilton Worldwide, Inc., d/b/a Hilton Papagayo Costa Rica Resort & Spa does not exist as a legal entity, and thus the naming of this entity does not impact diversity.

Costa Rica under the doctrine of <u>forum non conveniens</u>.  Plaintiffs oppose the motion and also have requested leave to amend their complaint.

## II.    STANDARD OF REVIEW

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).  In <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 1968 (quoting <u>Conley</u>, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1965.  As the Third Circuit has stated, "[t]he Supreme Court's <u>Twombly</u> formulation of the pleading standard can be summed up thus: 'stating . . . [a] claim requires a complaint with enough factual matter (taken as true) to  suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." <u>Phillips</u>, 515 F.3d at 234 (quoting <u>Twombly</u>, 127 U.S. at 1965); <u>see also</u> <u>Covington v. International Ass'n of Approved Basketball Officials</u>, __ F.3d __, __, 2013 WL 979067, at *2 (3d Cir. 2013) ("[A] claimant does not have to 'set out in detail the facts upon which he bases his claim.' . . .  The pleading standard 'is not akin to a 'probability requirement,'. . . to survive a motion to dismiss, a complaint merely has to state a 'plausible

claim for relief.'" (Citations omitted.)).

In affirming that <u>Twombly</u>'s standards apply to all motions to dismiss, the Supreme Court explained several principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948-49 (2009).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u>  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u> at 1949.  Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009).  However, "a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings . . . [although a] limited exception exists for documents that are integral to or explicitly relied upon in the complaint." <u>W. Penn Allegheny Health Sys., Inc. v. UPMC</u>, 627 F.3d 85, 97 n.6 (3d Cir. 2010) <u>cert. denied</u>, 132 S. Ct. 98 (2011) (citation and internal quotation marks omitted).

The Third Circuit has reiterated that "judging the sufficiency of a  pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." <u>Id.</u> at 98.  This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." <u>Id.</u>  That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." <u>Id.</u> (quoting <u>Ashcroft v. Iqbal</u>, 129 S.Ct at  1953).

### III.    DISCUSSION

### A.    Rule 12(b)(6)

Defendant first argues that the Amended Complaint should be dismissed because

Defendant does not own, operate, or manage the Hotel, and thus owed no duty to Plaintiffs. Specifically, Defendant claims that: (1) Hilton Worldwide, Inc. is the only legally-viable entity named in the Amended Complain; (2) Hilton Worldwide, Inc., d/b/a Hilton Papagayo Costa Rica Resort & Spa is not an existing legal entity; and (3) in fact, the Hotel is owned by Hotel Fiesta de Playa, S.R.L., an independent entity separate from Defendant, and it is managed by Hilton International Manage LLC ("Hilton International"), an "indirect subsidiary" of Defendant.  Def. Br., 3-4.  Plaintiffs do not challenge Defendant's arguments except with respect to the relationship between Defendant and Hilton International.  In that regard, Plaintiffs argue that it is premature to grant a motion to dismiss because additional facts and discovery are needed to determine the precise nature of Hilton International's "indirect subsidiary" relationship to Defendant.  I thus focus solely on the issue of Defendant and Hilton International's relationship in deciding this aspect of Defendant's motion.[4]

At the outset, I note that Defendant's argument regarding Hilton International is based not on Plaintiffs' pleadings but rather on a certification attached to Defendant's motion to dismiss.  As a general rule, however, a court may not consider matters outside the pleadings in deciding a motion to dismiss.  W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d at 97 n.6 (3d Cir. 2010) ("a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings").  An exception exists for documents "integral to or explicitly relied upon in the complaint."  Id.  The certification offered by Defendant, however, does not fall within this exception because it is not relied upon in the Amended Complaint, nor is it integral to Plaintiffs' claims in that they had "actual notice" of the certification's contents.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (justifying exception by

---

[4]     Defendant does not advance any other basis for Plaintiff's failure to state a claim under Rule 12(b)(6).

explaining that "the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated '[w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint'").  Indeed, Defendant does not argue to the contrary.  Accordingly, the Court will not look to the certification's contents in considering Defendant's motion to dismiss.

Without the certification, I am left only with Defendant's argument that its "indirect subsidiary" Hilton International manages the Hotel, and thus Defendant should be dismissed from this case because it cannot be held liable for Plaintiffs' injuries.[5]  Def. Br., 5-7, 10-11. Defendant relies on two cases in this regard: Gianfredi v. Hilton Hotels Corp., No. 08-5413(PGS), 2010 WL 1381900 (D.N.J. April 5, 2010), and Rucker v. Mariott International Inc., No. 03-4729, 2004 WL 32946 (E.D.Pa. Jan. 2, 2004).[6]  Neither of these cases supports Defendant's motion to dismiss.  In Gianfredi, the primary issue facing the court was whether there was personal jurisdiction over the defendants.  Gianfredi, 2010 WL 1381900, at *1-*2. The Gianfredi court allowed the parties to take limited jurisdictional discovery and submit evidence, as provided for by Fed. R. Civ. P. 12(b)(2), and then concluded that personal

---

[5]    Defendant does not explain the significance of the term "indirect subsidiary" as compared to a "subsidiary," except to suggest that an indirect subsidiary is "even more removed from the parent company than a subsidiary."  Def. Reply, 3.  I note, however, that if Defendant's argument regarding its relationship with Hilton International is supported by evidence, then it is unlikely that Plaintiffs would be able to state a claim against Defendant based on the facts in the Amended Complaint.  See Marzano v. Computer Science Corp., 91 F.3d 497, 513 (3d Cir. 1996) (applying New Jersey law); In re Insurance Brokerage Antitrust Litig., 618 F.3d 300, 341 n.44 (3d Cir. 2010) ("As a matter of well-settled common law, a subsidiary is a distinct legal entity and is not liable for the actions of its parent or sister corporations simply by dint of the corporate relationship.").

[6]    Defendant also cites to McCaughey v. Unum Provident Corp., No. 03-6571, 2004 WL 792366 (E.D.Pa. Mar. 19, 2004), for the proposition that, where an improper party is named, courts have granted the improperly named party's motion to dismiss.  McCaughey is not dispositive of Defendant's motion, however, because the parties in that case conceded that the original defendant was improperly named.  Here, Plaintiffs contest Defendant's liability based on its undetermined relationship with Hilton International.

jurisdiction over the defendant hotel was lacking.  Gianfredi, 2010 WL 1381900, at *2, *6-*8. The Gianfredi court also dismissed the plaintiff's claim over the defendant parent company of the hotel, but it did so solely on the pleadings, based on plaintiff's failure to plead that the defendant parent company had any ownership interest in the subsidiary hotel, and not based on the evidence submitted in connection with jurisdictional discovery.  Id. at *8-*9.  Id. at *8.  This pleading deficiency is not present in the instant case, as Plaintiffs have pleaded that Defendant "owned and/or operated" the Hotel.  Amend. Compl., ¶ 1.  Defendant's reliance on Rucker is similarly misplaced, as the Rucker court was faced with a motion for summary judgment in which the named defendant, Mariott International Inc., had presented uncontroverted evidence that the hotel in question was neither owned nor operated by the named defendant.  Rucker, 2004 WL 32946, at *2.  In the present case, in contrast, I am limited to the factual allegations plead in Plaintiffs' Amended Complaint – namely, that the Hotel is owned, operated, and/or managed by Defendant.  Since I cannot rely on Defendant's certification, there is no record from which I could properly find to the contrary.  Thus, neither Gianfredi nor Rucker dictates Defendant's dismissal in this case under Rule 12(b)(6).

In sum, taking the facts pleaded in the Complaint as true for the purpose for this motion to dismiss, Plaintiffs have alleged that Defendant has some ownership and/or operating interest in the Hotel, and thus Defendant potentially could have owed a duty to Plaintiffs.  At this stage in the proceedings, Defendant's argument that the Hotel is managed by an indirect subsidiary of Defendant is, without more, insufficient to show that Plaintiff cannot state a claim against Defendant.  Because the Court cannot consider the evidence presented outside of the Amended Complaint in this Rule 12(b)(6) motion, and because, as noted previously, Defendant presents no other basis for dismissal in connection with its Rule 12(b)(6) arguments, Defendant's motion to

dismiss for failure to state a claim is denied.

      **B.**    **Forum Non Conveniens**

      Defendant also argues that the Amended Complaint should be dismissed under the doctrine of <u>forum non conveniens</u>.[7]  Specifically, Defendant contends that, by applying the factors relevant to a <u>forum non conveniens</u> analysis, it is clear that Costa Rica is the more appropriate forum for Plaintiffs' action.  Plaintiffs reject Defendant's reasoning, arguing that Defendant has not demonstrated that the application of the doctrine is warranted in this case.

      The doctrine of <u>forum non conveniens</u> gives a district court discretion to dismiss a complaint "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or when the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."  <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 (1981)).  In deciding whether to dismiss pursuant to <u>forum non conveniens</u>, the court's "ultimate inquiry is where trial will best serve the convenience of the parties and the ends of justice."  <u>Koster v. (American) Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518, 527 (1947).  The doctrine should be "sparingly applied," especially when its application results in the dismissal of an action which the court has jurisdiction and a duty to resolve.  <u>Am. Cyanamid Co. v. Picaso-Anstalt,</u> 741 F. Supp. 1150, 1155 (D.N.J. 1990).

      The defendant bears the burden of persuasion concerning all elements in the <u>forum non conveniens</u> analysis.  <u>Lacey v. Cessna Aircraft Co.</u>, 862 F.2d 38, 43-44 (3d Cir. 1988) ("<u>Lacey I</u>"); <u>Lacey v. Cessna Aircraft Co.</u>, 932 F.2d 170, 180 (3d Cir. 1991) ("<u>Lacey II</u>").  First, the defendant must establish that an adequate alternative forum exists to hear the case.  <u>Lacey I</u>, 862

---

[7]    Defendant does not challenge the Court's jurisdiction over it or the claims asserted in the Amended Complaint.

F.2d at 44.  Then the defendant must demonstrate that the private and public interest factors weigh heavily in favor of dismissal, enough to overcome the great deference awarded to plaintiff's choice of forum.  Id.; Lony v. E.I. DuPont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989).  In that connection, the Third Circuit has stated that a "plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant." Lacey I, 862 F.2d at 43 (emphasis added).  "The defendant bears a heavy burden to satisfy both components of the analysis and must establish a strong preponderance in favor of dismissal." Burke v. Quartey, 969 F. Supp. 921, 929 (D.N.J. 1997).

Given the uncertainty over the proper defendants in this case, I will exercise my discretion and deny, without prejudice, Defendant's motion to dismiss on the basis of forum non conveniens.  There are too many unresolved issues regarding the identity and location of the proper defendant(s) and their relationship to the Hotel, and thus Costa Rica, to allow me to rule on Plaintiffs' motion.  A better understanding of who is involved and what issues are being raised in this case will aid the Court in determining which events and evidence in New Jersey – as opposed to Costa Rica – are implicated in the dispute and, thus, the extent that the forum non conveniens factors may outweigh the significant deference accorded to Plaintiffs' choice of forum.  Indeed, Hilton International, if joined as a party, may have a different position on whether Costa Rica is the more convenient forum; it would be inappropriate for the Court to grant Defendant's motion to dismiss at this time, particularly given that the Court appears to have jurisdiction over Defendant and the instant matter.  See Cyanamid Co. v. Picaso-Anstalt, 741 F. Supp. at 1155; Morris Indus. v. Trident Steel Corp., No. 10-3462, 2010 WL 51690007, at *5 (D.N.J. Dec. 14, 2010) (denying without prejudice motion to dismiss based on the doctrine of forum non conveniens where it was unclear that alternative forum had jurisdiction over

defendant).  On the other hand, it is also unknown whether the Court will have jurisdiction over the other defendants that Plaintiff may name in a future amended complaint – e.g., Hotel Fiesta de Playa, S.R.L., is argued to be a separately owned and operated entity located in Costa Rica. Thus, because not all the apparently relevant parties have been served with (let alone named in) the Amended Complaint, I cannot make a fact-based determination as to whether Costa Rica is the more appropriate forum . See Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988) (forum non conveniens analysis must be made based on evidence, including affidavits, submitted by parties); Lacey I, 862 F.2d at 44 (same).  Accordingly, Defendant's motion to dismiss for forum non conveniens is denied without prejudice.

> C.      **Leave to Amend**

Plaintiffs also request leave to file an amended complaint naming Hilton International and Hotel Fiesta de Playa, S.R.L., as defendants in this action in light of Defendant's motion to dismiss.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997) ("Federal Rule of Civil Procedure 15(a) provides that 'leave [to amend] shall be freely given when justice so requires.'").  Based on the arguments advanced in this instant motion, Plaintiffs are granted leave to filed an amended complaint.

> **IV. CONCLUSION**

For the foregoing reasons, the Court concludes that Defendant has not met its burden with respect to Fed. R. Civ. P. 12(b)(6), and the Court also denies without prejudice Defendant's motion to dismiss under the doctrine of forum non conveniens.  Plaintiffs are granted leave to submit an amended complaint naming additional defendants within 15 days.

An order will be entered consistent with this Opinion.

Dated:  April 2, 2012                          /s/    Freda L. Wolfson
                                               Freda L. Wolfson, U.S.D.J.